IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JERRY L. WALKER,                                        Case No. 6:20-cv-01755-MK

        Plaintiff,

    v.                                                  **ORDER AND OPINION**

AMERICAN RED CROSS, *et al.*,

        Defendants.

_____

AIKEN, District Judge:

      Plaintiff, Jerry Walker, brings this action against the American Red Cross ("ARC") as well as other individuals and organizations involved in disaster relief efforts from the 2020 Oregon wildfires.  Now before the Court is plaintiff's "Motion for Temporary Injunctive Order and Issuance of Cease and Desist to Defendant."  Doc. 10.  Plaintiff request that defendants be barred from discontinuing shelter services for him at a local hotel. Plaintiff also seeks to bar defendants from engaging in "case management" with him.  For the reasons set forth below, the motion is DENIED.

PAGE 1 – ORDER AND OPINION

## BACKGROUND

The Holiday Farm Fire began on September 7, 2020.  Since that time, the wildfire burned over 173,000 acres in and around the McKenzie National Forest, destroying property and displacing thousands of residents.

Prior to the start of the fire, plaintiff was camping and living on U.S. Bureau of Land Management ("BLM") property near Vida, Oregon.  On September 8, 2020, he evacuated to Springfield High School where he made contact with ARC representatives.  The same day plaintiff checked into a room at a local hotel provided by ARC.

Plaintiff alleges that he was given notice on September 16, 2020, that all evacuees would be required to leave the hotel on the following day due to preexisting reservations at the hotel.  However, ARC was able to extend rooms for evacuees through October 3, 2020 before plaintiff was required to check out on September 17, 2020.

Following this incident, plaintiff alleges that he contacted ARC representatives to inquire about further extensions of his hotel room beyond October 3.  Case workers from ARC also engaged with plaintiff to help find options for housing.  Plaintiff alleged that ARC staff represented that they provide immediate disaster response and that they were now five weeks into the immediate response period.  At that point ARC was now focused on helping people with long term recovery.  As plaintiff was unhoused prior to  being displaced by the fire, ARC staff spoke with plaintiff about

PAGE 2 – ORDER AND OPINION

finding longer term housing through a community supported shelter or other local services.

Plaintiff filed the present complaint on October 12, 2020.  Doc. 1.  His application to proceed *in forma pauperis* is still pending before Magistrate Judge Kasubhai.

On October 17, 2020, plaintiff was approached by ARC staff who represented that he would be required to leave his hotel room on October 21, 2020.  ARC was prepared to offer him three options for further assistance, which included 1.) a tent, food parcel, and money; 2.) a bus ticket to a location of his choosing and traveling money; or 3.) money for groceries and utilities, a bicycle, or a ride home.  Plaintiff refused to select any option and instead chose to pursue the present request for *ex parte* relief.

In his request for injunctive relief, plaintiff requests that the Court order defendant to continue providing him with a hotel room until such time as it is no longer needed and to cease and desist providing him with "case management."[1]

## LEGAL STANDARD

A TRO is an "extraordinary and drastic remedy."  *Mazurek v. Armstrong*, 520 U.S. 986, 972 (1997).  The purpose of a TRO is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction.  *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir.

---

[1] The Court initially denied this motion.  Doc. 14.  This opinion is entered to compete the record.

PAGE 3 – ORDER AND OPINION

2006). The same general legal standards govern TROs and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def Council*, 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). By contrast, in an emergency TRO may be entered without notice. *See* Fed R. Civ. P. 65(b)(l)(A) (restricting availability of ex parte TROs to situations in which "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").

## DISCUSSION

The Court finds that plaintiff's motion must be denied because he has not shown a likelihood of success on the merits of claims. Plaintiff has cited several federal statutes as providing a basis for his suit. The Court examines each in turn.

First, the Court notes that 18 U.S.C. §§ 241, 245, 246, and 917, which are cited in plaintiff's complaint, are criminal statues and do not provided a private right of action. Accordingly, the Court finds that plaintiff cannot succeed on his claims based on this authority.

PAGE 4 – ORDER AND OPINION

Next, plaintiff cites 42 U.S.C. § 14141, recodified as 34 U.S.C § 12601, which prohibits government authorities from engaging in a pattern or practice that "deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 34 U.S.C § 12601(a). However, this statue confers a right of action on the U.S. Attorney General, rather than private citizens, to bring civil suits for such violations. 34 U.S.C § 12601(b). Accordingly, the Court finds that this statute, likewise, does not provide a viable basis for plaintiff's claims.

Most substantive is plaintiff's reliance on the Americans with the Disabilities Act ("ADA"). Plaintiff alleges a claim for disparate treatment in violation of the ADA.

Title II of the ADA provides that: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to state a claim of disability discrimination under Title II, plaintiff must allege four elements: (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002) (per curiam), *cert. denied,* 538 U.S. 921, 123 S. Ct. 1570, 155 L.Ed.2d 311 (2003).

PAGE 5 – ORDER AND OPINION

Here, plaintiff has alleged that he has a severely compromised immune system and is entitled to reasonable accommodation under the ADA.  However, he has failed to adequately allege the second, third, and fourth elements of a disparate treatment claim.  First, it does not appear that plaintiff was denied access to the benefits offered by ARC.  Rather, his allegations suggest that he may not be granted the benefits he desires, namely, indefinite hotel lodging provided by ARC.  There is nothing in the complaint which suggests that others were receiving such benefits.  Indeed, in his filings, plaintiff recounts that an ARC representative told him that everyone at the hotel was undergoing the same process as him.

Importantly, plaintiff has also not established that indefinite housing was even a benefit offered by ARC.  Rather, as ARC officials explained to plaintiff, their mission is to provide immediate short-term relief and then help clients transition into long term recovery from natural disasters.[2]

Finally, even if plaintiff had been denied a benefit, any allegation that ARC was not providing him a service based on his disability is conclusory at best.  Because plaintiff has failed to satisfy multiple elements of disparate treatment claim, and the other statues upon which he relies do not confer a right of action, the Court finds that plaintiff has failed to show any likelihood of success on the merits of claims.

---

[2] ARC officials also represented to plaintiff that normally they would not provide hotel rooms as temporary shelter, but that they were doing so because of the current conditions created by the COVID-19 pandemic.

PAGE 6 – ORDER AND OPINION

Turning, to the remaining factors, the loss of housing could be deemed an irreparable injury.  However, given that plaintiff has shown no likelihood of success on the merits of his claims, the Court cannot grant the relief sought.  Finally, the Court finds that the remaining factors, the balance of the equities and the public interest, also weigh against granting injunctive relief.

The Court is certainly sympathetic to plaintiff's situation, but it can only grant injunctive relief if there is a valid legal cause of action.  Here, plaintiff has not alleged basis for the Court to act under any of the statutory authority he has cited.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for a emergency injunctive order (Doc. 10) is DENIED.

IT IS SO ORDERED.

Dated this  1st  day of April 2021.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge


PAGE 7 – ORDER AND OPINION